UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY,

No. 11-11375

               Plaintiff,

District Judge Stephen J. Murphy, III

v.

Magistrate Judge R. Steven Whalen

ANDREW F. PIRON,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Default Judgment as to Defendant Andrew F. Piron [Doc. #12], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED as to Defendant Andrew F. Piron. However, to the extent that Plaintiff seeks dismissal of the entire case, including Defendants who are not parties to this motion, that request should be DENIED.

## I.   FACTS

On April 1, 2011, Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a complaint for declaratory relief naming a number of Defendants, including Andrew F. Piron. The complaint alleged that State Farm issued a business policy to David Dulude, which also extended business liability coverage to Mr. Dulude's employees. *Complaint* ¶ 8. Mr. Dulude is the owner of Crown Capital Securities. *Id*. ¶ 9. On January 7, 2011, a class action lawsuit was filed against Mr. Piron, based on alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. *Id*. ¶ 12; Exhibit "B" to complaint. Mr. Piron requested that State Farm defend him in this lawsuit, and indemnify him in the event that a judgment was entered against him. *Id*. ¶ 18. State Farm alleges that Mr. Piron is not/was not a named insured under the policy, nor was he either an employee of the named insured or otherwise an insured person under the terms of the policy. *Id*. ¶ 30-33. State Farm therefore seeks, in Count I of the complaint, a declaratory judgment that it is under no duty to defend or indemnify Mr. Piron.

Mr. Piron was personally served with a summons and complaint on April 14, 2011. *See* Doc. #5. He has not filed an answer or otherwise responded, although the time for doing so under Fed.R.Civ.P. 12 expired on May 5, 2011. On May 11, 2011, the Clerk of the Court entered Mr. Piron's default. *See* Doc. #11. On the same date, State Farm filed the present motion.

## II.    STANDARD OF REVIEW

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order for a Plaintiff to obtain a judgment by default, a Clerk's entry of default must be entered pursuant to Fed.R.Civ.P. 55(a). *See Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment"); *Hanner v. City of Dearborn Heights*, 2008 WL 2744860, *1 (E.D. Mich. 2008) ("In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a).").

Once a default has been entered by the Clerk, all of the plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). In addition, Fed.R.Civ.P. 8(b)(6) provides that "[a]n allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."

Under Rule 55(b)(2), a default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages.

## III.    DISCUSSION

A Clerk's Entry of Default has been requested and entered. Therefore, the Court may consider whether to grant a default judgment.

State Farm's allegation that Mr. Piron was neither an employee of Mr. Dulude, nor otherwise an insured person, is deemed admitted. *Ford Motor Co., supra*. Therefore, State Farm has no duty to defend or indemnify Mr. Piron under the business insurance policy at issue, and is entitled to its requested declaratory relief against Mr. Piron.

State Farm's proposed Default Judgment, appended to its motion, also contains the following suggested provision:

> "IT IS FURTHER ORDERED that, once it is determined that State Farm is under no obligation to defend or indemnify Andrew F. Piron in the pending class action lawsuit, there is no actual case or controversy remaining between State Farm and the Defendants/Counter-Plaintiffs, Hoover and Associates, Financial Services, Inc. and Frickco, Inc., requiring the above-captioned litigation to bd dismissed with prejudice, and it is so ordered."

Defendants Hoover and Associates, Financial Services, Inc. and Frickco, Inc. are not parties to the present motion, which is specifically directed at Defendant Piron, and have not had the opportunity to contest State Farm's request for dismissal of the entire case. Indeed, other than putting this language in a proposed Default Judgment, Plaintiff has not briefed the issue of dismissal of the entire case. These other Defendants have, however, filed their answer and counterclaim, *see* Doc. #8, and State Farm has answered the counterclaim and asserted affirmative defenses. *See* Doc. #13. Although State Farm is entitled to a default judgment against Mr. Piron, the question of whether the other Defendants/Counter-Plaintiffs should be dismissed should await separate motions and briefing by all parties.

## IV.   CONCLUSION

I recommend that Plaintiff State Farm's Motion for Entry of Default Judgment as to Defendant Andrew F. Piron [Doc. #12] be GRANTED. However, to the extent that Plaintiff seeks dismissal of the entire case, including Defendants who are not parties to this motion, that request should be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.



s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 28, 2011

_____

## CERTIFICATE OF SERVICE

I hereby certify on July 28, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 28, 2011: **Andrew Piron - 36509 Bobrich; Livonia, MI 48152.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217

-4-